UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY MAYHUE, | |
| Plaintiff, | Civ. No. 16-705 (PGS) (DEA) |
| v. | |
| OFFICER NORMAN SCHACK, et al., | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Jeffrey Mayhue ("Plaintiff" or "Mayhue") is proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case involves the purported use of excessive force/failure to intervene against two correctional officers while Mayhue was detained at the Monmouth County Correctional Institution in October, 2015. Presently before this Court is a motion by defendants Officer Norman Schack ("Schack") and Officer John Schultz[1] ("Schultz") (collectively "the moving defendants") for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Moving defendants argue in part that summary judgment in their favor is appropriate because Mayhue failed to exhaust his administrative remedies. Moving defendants have provided this Court with the inmate grievance procedure at Monmouth County Correctional Institution which states as follows:

> 3. INMATE GRIEVANCE PROCESS
>
> > a. The grievance procedure begins with the Officer. Should the Officer and Supervisor not be able to satisfy the grievance, the inmate will be given form ADM-67, Inmate Grievance Form.

---

[1] Moving defendants noted in their answer that Schultz was incorrectly pled by plaintiff as Justin rather than John Schultz. (*See* ECF No. 20 at 1).

> b. The inmate will complete the grievance form, keep the pink copy and drop it in the grievance box located on the housing unit.
> c. If necessary assistance will be given by the Pod Officer in preparing the grievance form.
> d. The Program Captain or his designee will review the grievance and return a response on the yellow copy.
>
> 4. APPEAL PROCESS
>
> > a. Should an inmate be dissatisfied with the Program Captains decision, a written request for review must be made to the Warden.
> > b. The Warden shall review the grievance procedure.
> > c. The decision may be modified at the level of authority.
> > d. The Warden shall respond in writing within 5 working days.
> > e. A personal meeting with the Warden may be requested, but he is not obligated to grant it.
> > f. The appeal decision shall be made by the Warden. The Warden's decision is final.

(ECF No. 25-2 at 18).

Mayhue did not file a response to moving defendants' motion for summary judgment. However, this does not mean the record is silent with respect to Mayhue's potential argument on exhaustion. Indeed, in a filing submitted by Mayhue prior to moving defendants' motion, he states as follows:

> I tried the grievance procedure on two occasions first through Officers Kaufman on 10-26/15. And then through Officer D. Facendo on 11/9/15. Who both worked on the "Protective Custody" Unit where I housed at. On 11/6/15 I spoke with C/O Kaufman about the grievance he put in for me, he said the grievance was thrown away cause it was against another guard. On 11/20/15 I spoken [sic] with C/O D. Facendo about the grievance I gave him, he said he gave it to a Sergeant, I asked for the Sergeant name but he said he didn't remember. And I never received a responses. [sic] Thus my reason for filing this suit. They would not forward my grievance's. [sic]

(ECF No. 14 at 1).

In their statement of material facts not in dispute, moving defendants state the following:

> Plaintiff alleges that his attempts to use the grievance procedure consist of speaking to Officer Kaufman on 10/26/15 and again on 10/20/15, who allegedly told him that he gave Plaintiff's grievance to a Sergeant whose name Officer Kaufman could not remember. . . .
>
> Plaintiff also alleges that that he spoke with Officer Facendo on 11/6/15 and 11/20/15, about a "grievance," and was told that this grievance was "thrown away because it was against another guard."

(ECF 25-3 at ¶¶ 13, 16).

A factual issue that must be addressed is whether Mayhue ever submitted a grievance on the ADM-67 Form. Moving defendants state that a search of his records indicates that no grievance forms were ever submitted. (*See id.* at ¶ 11).

It is not altogether clear from plaintiff's filing whether his purported submission of grievances to Kaufman and Facendo constituted the first step of the grievance process, namely beginning the grievance with the Officer or whether it constituted something more formal, such as Mayhue's actual submission of an ADM-67 form. If the later, then it is possible that Mayhue's failure to exhaust his administrative remedies could be excused because he never received a response to those grievances, and thus, could not appeal to the Warden since no decision was ever made by the Program Captain. *See, e.g., Romero v. Ahsan*, No. 13-7695, 2018 WL 6696782, at *12 (D.N.J. Dec. 20, 2018). However, if it is the former, then it is likely that Mayhue has not exhausted his administrative remedies.

Given this uncertainty, summary judgment is not presently warranted at this time on the issue of exhaustion. However, as Chief Judge Wolfson has noted:

> this does not end the Court's inquiry into this issue. Although the burden of raising and proving a failure to exhaust administrative remedies lies with the defendant, the PLRA still imposes a strict bar on bringing claims that are unexhausted. *See* 42 U.S.C. § 1997e(a). The Third Circuit has made clear that exhaustion is "a precondition to bringing suit under § 1983" and that it is "a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Small* [*v. Camden Cty.*, 728 F.3d [265] at 269–70 [3d Cir. 2013)] (internal quotation marks and italics omitted). Exhaustion may be resolved by the Court even if factual questions are presented, as "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury." *Small*, 728 F.3d at 271.
>
> In *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), the Third Circuit held that "some form of notice to the parties and an opportunity to respond are needed before a district court elects to resolve factual disputes regarding exhaustion." *Id.* at 211. It left the specific form of the notice to the discretion of the district courts, however, noting that a court need only, at minimum, "notify the parties that it will consider exhaustion in its role as a fact finder." *Id.* The *Paladino* Court noted that an "opportunity to respond" does not necessarily require full evidentiary hearing, but that parties must be permitted to "submit materials relevant to exhaustion that are not already before [the court]." *Id.*

*Nance v. Danley*, No. 17-6409, 2019 WL 2367064, at *5 (D.N.J. June 5, 2019).

Pursuant to *Paladino*, the parties are notified that this Court intends to resolve the threshold question related to administrative exhaustion in its role as fact finder. While moving defendants have the burden to prove lack of exhaustion, this Court also notes that Mayhue has failed to file a response in opposition to moving defendants' motion. Federal Rule of Civil Procedure 56(e) permits this Court to consider a fact as undisputed if not properly addressed by the other party. Given Mayhue's *pro se* status, this Court will give Mayhue an opportunity to file a response to the motion for summary judgment despite its potential lateness. Mayhue's response should specifically address whether he ever filed or attempted to file a grievance on the ADM-67 form based on the purported excessive force/failure to intervene claims that make up his

amended complaint. Plaintiff's failure to file a response may cause this Court to consider moving defendants facts as undisputed for purposes of deciding the motion for summary judgment. Moving defendants shall be given an opportunity to file a reply should Mayhue file a response.

Accordingly, IT IS this __19__ day of February, 2020,

ORDERED that plaintiff shall file a response to moving defendants' motion for summary judgment within twenty-one (21) days of the date of this memorandum and order; plaintiff's response shall specifically address whether he submitted ADM-67 grievance forms based on his excessive force/failure to intervene claims that make up his amended complaint and provide this Court with any documentary evidence to support his arguments; and it is further

ORDERED that moving defendants may file a reply within seven (7) days of plaintiff's response; and it is further

ORDERED that the Clerk shall serve this memorandum and order on plaintiff by regular U.S. mail.

PETER G. SHERIDAN
United States District Judge