UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEFFREY MAHUE, | : | |
| Plaintiff, | : | Civ. No. 16-705 (PGS) (DEA) |
| v. | : | |
| OFFICER NORMAN SCHACK, et al., | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

Plaintiff, Jeffrey Mahue ("Plaintiff" or "Mayhue"), is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a correctional officer used excessive force and another failed to intervene while he was detained at the Monmouth County Correctional Institution. Previously, the Defendants, Officer Norman Schack ("Shack") and Officer John Schultz ("Schultz") (incorrectly pled as "Justin Schultz"), moved for summary judgment. (*See* ECF 25). Defendants asserted Plaintiff failed to exhaust his administrative remedies and/or that Plaintiff failed to show a material issue of fact that they acted maliciously or sadistically to cause harm. (*See id.*).

On May 22, 2020, this Court appointed Plaintiff counsel so this Court could decide whether Plaintiff substantially complied with the prison's grievance process to satisfy the administrative exhaustion requirement. (*See* ECF 30). This Court then administratively terminated Defendants' initial motion for summary judgment subject to reopening once this Court decided the exhaustion issue. (*See* ECF 38).

Thereafter, this case moved into discovery before Magistrate Judge Arpert on the exhaustion issue. Presently pending before this Court are dueling motions for summary judgment from the parties on the exhaustion issue upon completing that discovery. (*See* ECF 45 & 49).

Exhaustion is a threshold issue that this Court, as factfinder, should resolve. *See Rinaldi v. United States*, 904 F.257, 265 (3d Cir. 2018). Upon considering the parties' dueling motions for summary judgment, it is necessary to conduct an evidentiary hearing on the administrative exhaustion issue as this Court needs to assess the credibility of various witnesses. Thus, summary judgment on the exhaustion issue is inappropriate for either party. The parties may and are expected to call witnesses and to submit any additional documents into evidence at the evidentiary hearing.

Accordingly, IT IS this 18th day of October, 2021,

ORDERED that Defendants' motion for summary judgment (ECF 45) is denied; and it is further

ORDERED that Plaintiff's cross motion for summary judgment (ECF 49) is denied; and it is further

ORDERED that a teleconference shall be conducted on November 9, 2021 at 2:00 p.m. to schedule the in-person evidentiary hearing on the administrative exhaustion issue.

_____
PETER G. SHERIDAN, U.S.D.J.